IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TINA JIMERSON**                                                                                         **PLAINTIFF**

**JERELL THOMPSON, as**
**SPECIAL ADMINISTRATOR**
**of the estate of JOHN BROWN**                                         **CONSOLIDATED PLAINTIFF**

v.                                       Case No. 4:20-cv-01145-KGB

**DONNY FORD, former Sheriff of**
**Dallas County, Arkansas,** *et al.*                                                       **DEFENDANTS**

**DONNY FORD, former Sheriff of**
**Dallas County, Arkansas,** *et al.*                                        **CONSOLIDATED DEFENDANTS**

**FORDYCE DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
TRICIA BUSHNELL AND ANDREA LEWIS HARTUNG**

Defendants City of Fordyce, Ronnie Poole, the Estate of Larry Case, and the Estate of John Kellam ("Fordyce Defendants"), by and through their undersigned counsel, hereby move this Court to exclude any expert testimony of Tricia Bushnell and Andrea Lewis Hartung. In support of their motion, Fordyce Defendants state as follows:

**INTRODUCTION**

Plaintiffs were convicted by a jury in August 1992 of first-degree murder and aggravated robbery and sentenced to life in prison. They were released after being granted habeas relief in 2018, and now seek compensatory and punitive damages for alleged misconduct by Fordyce Defendants and others. Pursuant to Fed R. Civ. P. 26(a)(2)(C), Plaintiffs designated the non-retained expert testimony of Tricia Bushnell and Andrea Lewis Hartung. As explained below, Plaintiffs' disclosure does not comply with the requirements of Fed R. Civ. P. 26(a)(2)(C)(ii) and

such failure is prejudicial to Defendants. Therefore, the Court should exclude any expert testimony offered by Bushnell and Hartung.

## ARGUMENT

Fed. R. Civ. P. 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> **(ii) a summary of the facts and opinions to which the witness is expected to testify**.

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). "Although the information required under Fed. R. Civ. P. 26(a)(2)(C) is less extensive than an expert report under 26(a)(2)(B),...the two forms of disclosure share the goal of increasing efficiency and reducing unfair surprise." *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13CV1043SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015) (internal citations omitted). "Courts have found that a party cannot comply with its disclosure obligations under this rule by merely stating the topic that will be discussed at a high level and/or identifying documents containing information consistent with the opinion testimony to be offered." *Id*. (collecting cases). This Court has noted that "…courts have concluded that parties failed to meet the requirements of Rule 26(a)(2)(C) when their summary disclosures did not adequately give the opposing party notice of the non-retained expert or their proposed testimony," and that "courts have found that disclosures satisfied Rule 26(a)(2)(C)" only "when they listed the main points of a non-retained expert's testimony or specifically included a treating physician's medical records." *Washam v. BNSF Ry. Co.*, No. 3:19-CV-00231 KGB, 2020 WL

2

5880133, at *17 (E.D. Ark. Oct. 2, 2020), on reconsideration in part, No. 3:19-CV-00231 KGB, 2022 WL 989037 (E.D. Ark. Mar. 31, 2022). Under Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiffs' disclosure is patently deficient under Rule 26(a)(2)(C)(ii). Plaintiffs failed to disclose a single opinion or summary of an opinion to which Bushnell or Hartung is expected to testify. Plaintiffs also failed to provide a summary of a single fact to which Bushnell or Hartung is expected to testify. Plaintiffs' disclosures related to Bushnell and Hartung are presented below in full:

> 5. Tricia Bushnell, Midwest Innocence Project, will provide testimony about the post-conviction investigation and litigation that resulted in John Brown's conviction being overturned, the *Youngblood*, *Brady* and other due process issues in the case; the State's obligation to produce discovery under the United States Constitution and Arkansas state law, the significance of the destroyed Ronnie Prescott tape, **and her opinions regarding those issues**. The factual basis for Ms. Bushnell's opinions are summarized in the transcripts and filings in John Brown's federal habeas corpus proceedings. Ms. Bushnell may also give non-opinion testimony regarding the damages suffered by John Brown.
> 6. Andrea Lewis Hartung, MacArthur Justice Center, will provide testimony about the post-conviction investigation and litigation that resulted in Tina Jimerson's conviction being overturned, the *Youngblood*, *Brady* and other due process issues in the case; the State's obligation to produce discovery under the United States Constitution and Arkansas state law, the significance of the destroyed Ronnie Prescott tape, **and her opinions regarding those issues**. The factual basis for Ms. Hartung's opinions are summarized in the transcripts and filings in Tina Jimerson's federal habeas corpus proceedings. Ms. Hartung may also give non-opinion testimony regarding the damages suffered by Tina Jimerson.

Plaintiff's Disclosure Pursuant to Fed. R. Civ. P. 26(A)(2), attached as Ex. 1, at 2-3 (emphasis added). As evident from the disclosure, Plaintiffs did not even attempt to disclose any of Bushnell or Hartung's actual opinions. *See id*.

3

Similarly, Plaintiffs' attempt to disclose a summary of the facts to which they are expected to testify by referencing the "transcripts and filings in Tina Jimerson's federal habeas corpus proceedings" and "the transcripts and filings in John Brown's federal habeas corpus proceedings" falls very short of their obligations under Rule 26. *See id*. In fact, the "transcripts and filings in Tina Jimerson's federal habeas corpus proceedings" encompass more than 600 pages and "the transcripts and filings in John Brown's federal habeas corpus proceedings" encompass more than 1,100 pages. They can hardly be described as summaries.[1] *See Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) (citations omitted).

Finally, "[a]llowing [Bushnell or Hartung's expert] testimony would be unfairly prejudicial to [Fordyce Defendants], because [Fordyce Defendants] would not know what opinions [Bushnell or Hartung] were going to offer until [Plaintiff] asked them questions at trial." *Emerson*, 2015 WL 8770712, at *2. Additionally, "based on the present disclosure, the only way for [Fordyce Defendants] to prepare for trial would be for [Fordyce Defendants] to assume that Bushnell or Hartung could be questioned about every matter set forth in more than 1,700 pages of transcripts and filings, [creating] an inefficiency that violates the purpose of Rule 26(a)(2)(C). *Id*. As such,

---

[1] In addition to Plaintiffs' failure to comply with Fed. R. Civ. P. 26(a)(2)(C)(ii), many of the subject matters identified by Plaintiffs are legal matters about which expert testimony is plainly inadmissible. *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible. Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them.") (citations omitted); *see also Meade v. Ethicon, Inc.*, No. 4:20-CV-00694-KGB, 2020 WL 6395814, at *6 (E.D. Ark. Nov. 2, 2020) ("Insofar as [an expert witness] imposes legal duties on defendants […] in order to testify that they breached that standard, such testimony represents legal conclusions and analysis improper for expert testimony.").

4

the Court should exclude the expert testimony of Bushnell and Hartung based on Plaintiffs' complete failure to disclose their opinions and comply with Rule 26. *See* Fed. R. Civ. P. 37(c)(1).

## CONCLUSION

For the reasons stated above, Fordyce Defendants respectfully request that the Court exclude any expert testimony offered by Tricia Bushnell and Andrea Lewis Hartung.

DATED: October 29, 2024

Respectfully submitted,

/s/
Shneur Nathan, IL Bar No. 6294495
Nathan & Kamionski LLP
206 S. Jefferson Street
Chicago, IL 60661
Phone: (516) 620-0370
snathan@nklawllp.com
*Counsel for Fordyce Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record.

/s/ Shneur Nathan